The Honorable Jerry E. Hinshaw State Representative Route #4, Box 444A Springdale, AR 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion on the following question:
 If the driver of a vehicle on a public highway is injured in an accident to the point that he or she cannot notify law enforcement agencies or request emergency medical service, is it the legal responsibility of an uninjured passenger in the vehicle to do this? If they do not take such action, what is the penalty prescribed by law?
With regard to notification of law enforcement agencies, A.C.A.27-53-203 must be considered wherein it states:
 (a) Whenever the driver of a vehicle is physically incapable of making a required accident report and there was another occupant in the vehicle at the time of the accident capable of making a report, the occupant shall make, or cause to be made, the report.
The accident report requirement is found in A.C.A. 27-53-202. Subsection (a) of this Code provision states:
 The driver of a vehicle involved in an accident resulting in injury to or death of any person or total property damage to an apparent extent of fifty dollars ($50.00) or more shall forward a written report of the accident to the Arkansas State Police within forty-eight (48) hours after the accident.
The uninjured passenger thus has a statutory duty to submit the required written report within the established time frame, where the driver is physically incapable of making the report.[1] The penalty for failing or refusing to render the report is set forth under A.C.A. 27-53-201 as follows:
 (a) Any person who fails or refuses to render reports required by the provisions of this subchapter to the Arkansas State Police within ten (10) days after the accident shall be punished, upon conviction in the county where the accident occurred, by a fine of not less than ten dollars ($10.00) nor more than five hundred dollars ($500.00).
 (b) For willful refusal to file reports after a conviction, the commissioner shall revoke the driver's, operator's or chauffeur's license of the person so convicted.
With regard to the uninjured passenger's responsibility to request emergency medical service, it must be initially recognized that there is ordinarily no legal duty to offer relief or assistance to one who is injured through no fault of the one sought to be charged with such duty. See generally, 65 C.J.S. Negligence 63(103) (1966). It has also been stated, however, that ". . . the courts recognize that a moral obligation to assist an ill or helpless person may arise, and may attach legal character to a clear moral obligation when the relation of the parties is such as to justify it." Id. This will involve consideration of the particular facts and circumstances in each instance. There appear to be no Arkansas cases on point.
It must also be recognized in this regard, finally, that no duty to furnish medical attention will arise from the particular relationship of the parties where the necessity for medical attention is not known to the person sought to be charged with the duty, and could not have become known by the exercise of ordinary care. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The person in charge of the nearest office of the motor vehicle public carrier has the duty to file the report where the accident involves a motor vehicle carrying passengers for hire. A.C.A. 27-53-203(b).